IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRY JAMES WILLIAMS,

    Petitioner,

vs.                                 CIVIL ACTION NO.: CV205-242

JOSE M. VAZQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry James Williams ("Williams"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Williams has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Williams was convicted in the Middle District of Florida of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Williams was sentenced to 211 months' imprisonment. Williams filed an appeal, which was dismissed for want of prosecution because his attorney did not file a brief on his behalf. (Mem., p. 2.)

Williams filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Middle District of Florida granted his motion in part and re-entered Williams' criminal judgment. Williams filed an appeal from the re-entry of his criminal judgment, as well as

AO 72A
(Rev. 8/82)

from the denial of his ineffective assistance of trial counsel claims in his section 2255 motion. The Eleventh Circuit Court of Appeals affirmed Williams' conviction and denied him a certificate of appealability on his § 2255 appeal. The Eleventh Circuit also denied Williams' application for permission to file a second or successive § 2255 motion. Despite this denial, Williams filed another section 2255 motion in the Middle District of Florida; that court dismissed the motion without prejudice but allowed Williams to file an amended section 2255 motion "using proper form." (3:93-cr-00080-HLA-6, Doc. No. 585.) Williams filed an amended motion and a motion to supplement pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004). (Criminal Case, Doc. Nos. 586 and 607.) The Middle District of Florida denied both of these motions. The Eleventh Circuit denied Williams a certificate of appealability. Williams then filed a motion for leave to file a FED. R. CIV. P. 60(b) motion and a petition for writ of certiorari with the United States Supreme Court; the Middle District of Florida denied Williams' motion and petition. (Criminal Case, Doc. Nos. 658 and 664.)

In the instant petition, Williams contends that he is actually innocent of the charge for which he was sentenced. Williams also contends that the judge who sentenced him exceeded his lawful authority by imposing unconstitutional enhancements to his sentence. Williams further contends that he was found guilty of a crime which does not have a penalty provision. (Pet., p. 6.) Williams cites Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), Blakely, and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), as support for his allegations.

Respondent avers that Williams's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Williams has not shown that he is entitled to

2

use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely and Booker do not apply retroactively to cases on collateral review. (Doc. No. 4, p. 4.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Williams has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In so doing, Williams ostensibly contends that the remedy afforded by section 2255 is inadequate or ineffective to challenge the legality of his detention.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Williams largely bases the claims set forth in his petition on the Supreme Court's decisions in Apprendi, Blakely, and Booker. However, the Supreme Court has not made its decisions in Apprendi, Blakely, or Booker retroactively applicable to cases on collateral

4

review to allow for the filing of a second or successive section 2255 motion. See <u>In re Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004). Williams was sentenced in the Middle District of Florida on January 21, 1994 (Pet., p. 2), and his conviction and sentence were affirmed[2] on January 15, 2002. <u>United States v. Williams</u>, 31 Fed. Appx. 928 (11th Cir. 2002) (Table). <u>Blakely</u> was decided on June 24, 2004, and <u>Booker</u> was decided on January 12, 2005. To allow Williams to have his requested relief pursuant to the holdings of these cases would constitute a "new rule" under <u>Teague v. Lane</u>, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989), despite his contentions to the contrary.

The Supreme Court has found that, when one of its decisions announces a new rule, "the rule applies only in limited circumstances" in cases of "convictions that are already final." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351, 124 S. Ct. 2519, 2522, 159 L. Ed.2d 442 (2004). The Supreme Court distinguished between new substantive rules, which generally apply retroactively, and new procedural rules, which generally do not apply retroactively. <u>Id.</u> at 351-52, 124 S. Ct. at 2522-23. The Court noted that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons the law punishes . . . . In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." <u>Id.</u> at 353, 124 S. Ct. at 2523 (emphasis in original). New procedural rules are given "retroactive effect" if they represent the "small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and

---

[2] Williams raised <u>Apprendi</u> claims on appeal. 2001 WL 34134996 (Br. of Appellant, 2001). However, the Eleventh Circuit did not grant Williams' requested relief. <u>United States v. Williams</u>, 31 Fed. Appx. 928 (11th Cir. 2002).

accuracy of the criminal proceeding." Id. (citing Teague, 489 U.S. at 311, 109 S. Ct. at 1076).

The Supreme Court's holdings in Apprendi, Blakely, and Booker represent a procedural rule which does not alter the range of conduct which subjects a defendant to punishment. Assuming without deciding that these cases present a new rule, a new rule is not applied retroactively to cases on collateral review for purposes of authorizing a second or successive § 2255 motion until the Supreme Court expressly states that it should be applied retroactively. Dean, 375 F. 3d at 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)). In addition, the Eleventh Circuit Court of Appeals has determined that Booker, which applies the holding of Blakely to the federal sentencing guidelines, does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Moreover, the Eleventh Circuit recently held that Apprendi does not apply retroactively in the context of a section 2241 petition. Dohrmann v. United States, ___ F.3d ___, 2006 WL 623652, *3 (11th Cir. Mar. 15, 2006).

Williams has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations[3] as he does in the instant petition. Simply because the courts in his previously filed matters rejected Williams' claims does not render section 2255's

---

[3] Williams made Apprendi- and Blakely-based assertions during his appeal after the re-entry of his criminal judgment and in a previous collateral proceeding. The Eleventh Circuit and Middle District of Florida courts rejected these claims. To the extent Williams might contend that the decisions reached by those courts "foreclosed" him from making any claims based on Apprendi and Blakely, this contention would be without merit. Defendants (and petitioners) have been making the general argument that a jury must find all of the facts regarding sentencing enhancements since the United States Sentencing Guidelines came into being. See United States v. Levy, 379 F.3d 1241, 1243 n.3 (11th Cir. 2004).

AO 72A
(Rev. 8/82)

remedy inadequate or ineffective. Williams has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Accordingly, it is not necessary to address his actual innocence claim. See id. at n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

Williams cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Williams is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**, and Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)