IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRY JAMES WILLIAMS,

    Petitioner,

vs.    :    CIVIL ACTION NO.: CV205-242

JOSE M. VAZQUEZ, Warden,

    Respondent.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Williams states that his petition should only be reviewed by an Article III Judge. 28 U.S.C. § 636(b)(1)(B) permits a District Court Judge to designate a Magistrate Judge to submit his proposed findings of fact and recommendations for the disposition of any post-trial matter, including an application for a writ of habeas corpus. A party need not consent to the Magistrate Judge's participation during this stage of the litigation.

Williams alleges that the Magistrate Judge's Report should not be adopted based on Dodd v. United States, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005), and 28 U.S.C. § 2255, ¶6(3). However, Dodd does not provide Williams with any support for this position. While the Supreme Court found that an applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court in which to file a section 2255 motion, pursuant to ¶6(3) of that statute, this right must be newly recognized *and* have been made retroactively applicable to cases on collateral review. Dodd, 545 U.S. at ___, 125 S. Ct. at 2482. To the extent that Williams asserts that United

AO 72A
(Rev. 8/82)

States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), entitles him to his requested relief, this assertion is without merit. Even assuming Booker provides habeas petitioners with a newly recognized right, the Eleventh Circuit Court of Appeals has determined that Booker does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Thus, the statute of limitation period provided by § 2255, ¶6(3) is inapplicable to Williams' petition, as both conditions announced in Dodd have not been met.

The undersigned finds that the Magistrate Judge properly analyzed the remaining issues in Williams' petition; thus, it is unnecessary to reiterate what the Magistrate Judge has already stated. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss (Doc. No. 5) is **GRANTED**. Williams' petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this _9th_ day of _June_, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2

AO 72A
(Rev. 8/82)